B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

**PLAINTIFFS**
MARIO MONTES MORA

**DEFENDANTS**
RODRIGO AGUIRRE

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
Douglas Jaffe, Esq. #170354, Law Offices of Douglas Jaffe
501 W. Broadway, Suite 800, San Diego, CA 92101
(619) 400-4945

**ATTORNEYS** (If Known)
Andrew Griffin, Esq.

**PARTY** (Check One Box Only)
☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin
☒ Creditor   ☐ Other
☐ Trustee

**PARTY** (Check One Box Only)
☒ Debtor     ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor   ☐ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Objection To Discharge (11 U.S.C. § 727(a)(4)(A); Objection To Discharge (11 U.S.C. § 727(a)(2)(A); Objection To Discharge (11 U.S.C. § 727(a)(3); Exception To Discharge (11 U.S.C. § 523(a)(2)(A); Exception To Discharge (11 U.S.C. § 523(a)(6)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
[1] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[2] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ 73,417.99, plus interest costs and fees |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>RODRIGO AGUIRRE || BANKRUPTCY CASE NO.<br>23-03639-CL7 ||
| DISTRICT IN WHICH CASE IS PENDING<br>SOUTHERN DISTRICT OF CALIFORNIA || DIVISION OFFICE<br>BANKRUPTCY | NAME OF JUDGE<br>Christopher Latham |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE<br>February 19, 2024 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Douglas Jaffe, Esq. |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

DOUGLAS JAFFE, ESQ. Bar No. 170354
LAW OFFICES OF DOUGLAS JAFFE
501 West Broadway, Suite 800
San Diego, California 92101
Telephone: (619) 400-4945
Facsimile: (619) 400-4947
Email: Dougjaffelaw@gmail.com

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>RODRIGO AGUIRRE,<br><br>   Debtor.<br>_____<br><br>MARIO MONTES MORA,<br><br>   Plaintiff,<br><br>vs.<br><br>RODRIGO AGUIRRE,<br><br>   Defendant. | Bankruptcy Case No. 23-03639-CL7<br><br>Adversary Proceeding No.<br><br>Chapter 7<br><br>**COMPLAINT TO DETERMINE DISCHARGEABLITY OF DEBT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Mario Montes Mora ("Mora" or "Plaintiff") alleges as follows:

1

INTRODUCTION

1. The pleader consents to entry of final orders or judgment by the bankruptcy court.

2. Debtor and Defendant Rodrigo Aguirre has knowingly and fraudulently, in or in connection with this case, violated 11 U.S.C. § 727. This renders Aguirre ineligible for discharge pursuant to 11 U.S.C. § 727.

3. Debtor and Defendant Rodrigo Aguirre's debt to Plaintiff was obtained in violation of 11 U.S.C. § 523 which excepts the debt owed by Debtor and Defendant Rodrigo Aguirre to Plaintiff.

GENERAL ALLEGATIONS

4. On information and belief, defendant Rodrigo Aguirre is an individual residing at 1687 Melrose Avenue, Unit L, Chula Vista, CA 91911 ("Aguirre" or "Defendant").

5. This Court has personal and subject matter jurisdiction over this action pursuant to, without limitation, 28 U.S.C. section 1334 and 28 U.S.C. section 157(b)(2). Venue is properly placed in this Court pursuant to 28 U.S.C. section 1409.

FACTS SUPPORTING ALL CAUSES OF ACTION

6. Plaintiff sold seafood to Defendant and his company in the principal amount of $108,358.09 and Defendant failed to pay for the seafood he ordered and received.

7. A complaint was filed against Aguirre in the action known as *Mora, et. al. v. Aguirre*, et. al., San Diego Superior Court Case No. 37-2019-00002815-CU-BC-CTL (the "State Court Action").

2

Complaint To Determine Dischargeability Of Debt

8.   On August 17, 2023, judgment was entered in the State Court Action against Aguirre and Oceans Best Seafood, Inc. and in favor of Plaintiff (the "Judgment").

9.   The amount of the Judgment is $73,417.99, plus interest, costs and attorneys' fees.

10.  The enforcement of the Judgment was stayed by Aguirre's filing of his bankruptcy.

## FIRST CAUSE OF ACTION
## 11 U.S.C. § 727(a)(4)(A)

11.  Plaintiff incorporates by this reference the foregoing paragraphs.

12.  Aguirre's Voluntary Petition at paragraph 12 and Statement Of Financial Affairs at paragraph 27 falsely lists an interest in the sole proprietor business known as "Oceans Best Community Fish Market".  The records of the San Diego Clerk and Recorder reflect that there is no Fictitious Business Statement filed for "Oceans Best Community Fish Market".

13.  In reality, Aguirre had an ownership interest in Oceans Best Seafood, Inc. within the 4 years prior to the filing of the Voluntary Petition which Aguirre failed to disclose in his bankruptcy.

14.  In reality, Aguirre had an ownership interest in Pacific Stone Crab, LLC within the 4 years prior to the filing of the Voluntary Petition which Aguirre failed to disclose in his bankruptcy.

15.  Aguirre's Voluntary Petition at paragraph 5 lists where he lives as "72 E. J Street, Chula Vista, CA 91910".  That address is a business address.  On information and belief, Aguirre actually was living at the time of the filing of the Voluntary Petition at 1687 Melrose Avenue, Unit L, Chula Vista, CA 91911.  Aguirre has not disclosed in his Voluntary Petition and/or bankruptcy schedules

what his interest is or was in the property located at 1687 Melrose Avenue, Unit L, Chula Vista, CA 91911.

16. Aguirre has admitted and acknowledged, without limitation through the business lease at 72 E. J Street, Chula Vista, CA 91910, that Aguirre has an interest in the business and profits that have been conducted and are being conducted at that property. On information and belief, that is the business of Aguirre through, without limitation, Oceans Best Seafood, Inc. which Aguirre was conducting prior to bankruptcy and, on information and belief, on the date of filing of this bankruptcy and continuing to date.

17. Aguirre knowingly and fraudulently made a false oath or account in his bankruptcy schedules and at his meeting of creditors.

18. Due to Aguirre's knowing and fraudulent misconduct, the meeting of creditors has not been completed.

19. Pursuant to 11 U.S.C. section 727(a)(4)(A), Aguirre should not be granted a discharge.

## SECOND CAUSE OF ACTION
11 U.S.C. § 727(a)(2)(A)

20. Plaintiff incorporates by this reference the foregoing paragraphs.

21. Aguirre, with intent to hinder, delay, or default Plaintiff, has transferred, removed, destroyed, mutilated or concealed Aguirre's property within one year before the date of the filing of the bankruptcy petition.

22. Pursuant to 11 U.S.C. section 727(a)(2)(A), Aguirre should not be granted a discharge.

## THIRD CAUSE OF ACTION
## 11 U.S.C. § 727(a)(3)

23. Plaintiff incorporates by this reference the foregoing paragraphs.

24. Aguirre has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which Aguirre's financial condition or business transactions might be ascertained.

25. Pursuant to 11 U.S.C. section 727(a)(3), Aguirre should not be granted a discharge.

## FOURTH CAUSE OF ACTION
## 11 U.S.C. § 523(a)(2)(A)

26. Plaintiff incorporates by this reference the foregoing paragraphs.

27. Aguirre's debt to Plaintiff was obtained by false pretenses, a false representation, or actual fraud. The failure by Aguirre to disclose material facts to Plaintiff constitutes a fraudulent omission under Section 523(a)(2)(A) since Aguirre was under a duty to disclose and Aguirre's omission was motivated by an intent to deceive.

28. Aguirre knew his misrepresentations to Plaintiff were false, and the misrepresentations were made with the intention and purpose of deceiving Plaintiff.

29. Plaintiff justifiably relied on Aguirre's misrepresentations.

30. Plaintiff sustained damage as the proximate result of Aguirre's misrepresentations.

31. As a direct and proximate result of the foregoing, Defendant's debt to Plaintiff arising from such actions and/or omissions is nondischargeable under 11 U.S.C. section 523(a)(2)(A).

### FIFTH CAUSE OF ACTION
### 11 U.S.C. § 523(a)(6)

12  Plaintiff incorporates by this reference the foregoing paragraphs.

13  Aguirre had a subjective motive to inflict injury on Plaintiff or Aguirre believed that injury was substantially certain to occur as a result of his conduct.

14  Aguirre committed a wrongful act by his intentional false misrepresentations to Defendant.

15  Aguirre necessarily caused injury to Plaintiff as Plaintiff justifiably relied on the misrepresentations made by Aguirre to Plaintiff.

16  Aguirre acted without just cause or excuse as there is no justification or excuse for Aguirre's misconduct as set forth herein.

17  As a direct and proximate result of the foregoing, Defendant's debt to Plaintiff arising from such actions and/or omissions is nondischargeable under 11 U.S.C. section 523(a)(6).

WHEREFORE, Plaintiff prays as follows:

a)  For an Order determining Debtor Rodrigo Aguirre's debt to Plaintiff to be nondischargeable;

b)  For an Order denying Debtor Rodrigo Aguirre's discharge;

c)  For damages according to proof;

d)  For rescission and/or restitution;

e)  For punitive damages;

f) For interest according to proof;

g) For costs and reasonable attorneys' fees; and

h) For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury.

Dated: February 19, 2024        LAW OFFICES OF DOUGLAS JAFFE

/s/ Douglas Jaffe
Douglas Jaffe

Attorneys for Plaintiff

7

Complaint To Determine Dischargeability Of Debt